**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> JORGE LUIS LOPEZ SANTIAGO and BERENICE COLON CRUZ, <br><br>    Debtors. <br><br>———————————————— <br><br> JORGE LUIS LOPEZ SANTIAGO and BERENICE COLON CRUZ, <br><br>    Plaintiffs, <br><br>    v. <br><br> COOPERATIVA A/C LAS PIEDRAS, <br><br>    Defendant. | CASE NO. 22-02117 MAG13 <br> Chapter 13 <br><br><br><br><br><br> ADV. PROC. NO. 22-00084 <br><br><br><br> <span style="color:red">FILED & ENTERED ON 6/18/2024</span> |

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by plaintiffs Jorge Luis Lopez Santiago and Berenice Colon Cruz ("Plaintiffs").  Plaintiffs filed an adversary proceeding against defendant Cooperativa de Ahorro y Credito Las Piedras ("Defendant") seeking a determination that the mortgage lien encumbering their residential property is void as it was presented for recordation before the Puerto Rico Registry of Property post-petition leaving Defendant's claim as unsecured.  Plaintiff also alleges that Defendant violated the automatic stay by presenting the mortgage lien for recordation post-petition. Defendant opposes summary judgment arguing that there are issues of material facts that preclude the entry of summary judgment. As set forth below, Plaintiffs' motion for summary judgment is partially granted as to the validity of the lien and partially denied as to the violation of the automatic stay.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(K) (determinations as to the validity, extent, or priority of liens).

## II. PROCEDURAL BACKGROUND

### (i) Lead Case

Plaintiffs filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on July 20, 2022, which was docketed as case number 22-02117. (Bankr. Dkt. # 1.) In schedule E/F filed with their petition, Plaintiffs included Defendant as a creditor with an unsecured claim in the amount of $93,178.00 with the following address: "PO Box 252, Las Piedras, PR 00771-0252." (Bankr. Dkt. # 1, p. 15, ¶ 4.11.) The bar date to file non-governmental claims was set for September 28, 2022. (Bankr. Dkt. # 4.)

On November 17, 2022, Plaintiffs filed this adversary proceeding. (Adv. Dkt. # 1.)

On December 15, 2022, Defendant filed a motion to file a claim after the bar date. (Bankr. Dkt. # 29.) On that same date, Defendant filed secured proof of claim number 19-1 in the amount of $94,509.36. (Claims Register # 19-1.) On December 29, 2022, Defendant amended its claim with a title search report dated December 14, 2022. (Claims Register # 19-2.)

On December 29, 2022, Plaintiffs filed a motion informing that they have no opposition to Defendant's request to allow the filing of the proof of claim after the bar date. (Bankr. Dkt. #30.)

On January 31, 2023, Plaintiffs filed an objection as to the secured status of Defendant's claim. (Bankr. Dkt. # 37.) On March 2, 2023, Defendant answered the objection and requested that the same be held in abeyance until resolution of this adversary complaint. (Bankr. Dkt. # 38.) The court granted Defendant's request and the objection to claim was held in abeyance. (Bankr. Dkt. # 39.)

On July 5, 2023, Plaintiffs amended schedule E/F to include other unsecured debts but made no changes with respect to Defendant's claim. (Bankr. Dkt. # 47.)

**(ii)    Adversary Proceeding**

On November 17, 2022, Plaintiffs filed this adversary proceeding. (Adv. Dkt. # 1.) On February 21, 2023, Defendant answered the complaint. (Adv. Dkt. #15.)

On November 30, 2023, Plaintiffs moved the court for summary judgment. (Adv. Dkt. #29.) On December 14, 2023, Defendants opposed summary judgment. (Adv. Dkt. # 32.) On January 24, 2024, Plaintiffs replied to Defendant's opposition (Adv. Dkt. # 37.)

On March 14, 2024, Defendant was ordered to file a limited sur-reply to Plaintiff's reply, which it filed on May 16, 2024. (Adv. Dkt. ## 38, 49.)

**III. SUMMARY JUDGMENT STANDARD**

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." Cousins Int'l Food, Corp. v. Vidal, 565 B.R. 450, 461 (B.A.P. 1st Cir. 2017) (quoting Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994)). Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56, which provides that a court shall grant summary judgment when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if the record permits a rational factfinder to resolve that issue in favor of either party." Jarvis v. Vill.

3

Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015). "[A] fact is 'material' 'if its existence or nonexistence has the potential to change the outcome of the suit.'" Id. (quoting Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010)).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Podiatrist Ass'n, Inc. v. La Cruz Azul de P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). "A swing of the summary judgment axe can be averted if the nonmoving party adduces competent evidence demonstrating the existence of a genuine dispute about a material fact." Theriault v. Genesis Healthcare LLC, 890 F.3d 342, 348 (1st Cir. 2018). "If the non-movant fails to make the required showing on such an issue and the issue is a dispositive one, summary judgment is appropriate." Harrington v. Simmons (In re Simmons), 810 F.3d 852, 857 (1st Cir. 2016). A nonmoving party "cannot defeat a summary-judgment motion with 'conclusory allegations' or 'unsupported speculation.'" Villeneuve v. Avon Prods., 919 F.3d 40, 54 (1st Cir. 2019).

In the U.S. District Court for the District of Puerto Rico, Local Civil Rule 56 sets forth the requirements for summary judgment. A party moving for summary judgment must file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." L. Civ. R. 56(b). Moreover, "[e]ach asserted fact in the statement shall be supported by a record citation." Id. Under Local Civil Rule 56(c), the party opposing summary judgment must "submit with its oppositions a separate, short, and concise statement of material facts," admitting, denying, or qualifying the facts by reference to each numbered paragraph with references to the record. L. Civ. R. 56(c).

4

Moreover, "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." L. Civ. R. 56(e). The court has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Id. "[F]ailure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004) (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)).

## IV. UNCONTESTED FACTS

After reviewing the statement of uncontested facts filed by Plaintiffs (Adv. Dkt. # 29), Defendant's opposition thereto (Adv. Dkt. # 32), the Plaintiffs' reply (Adv. Dkt. # 37), and the Defendant's sur-reply (Adv. Dkt. # 49), the court finds that the following material facts are uncontested pursuant to Fed. R. Civ. P. 56 and L. Civ. R. 56, made applicable to these proceedings by Fed. R. Bankr. P. 7056 and P.R. LBR 1001-1(b) and (d), as found in the record of this case.

On January 14, 2021, Plaintiffs executed Segregation and Sale Deed Number 3 before Notary Public José J. Belen Rivera and purchased from Defendant real property located at the Vistas de Salinas Development in Salinas, Puerto Rico (the "Property") described in the Puerto Rico Registry of Property (the "Property Registry") as follows:

> Cadaster Number: 417-095-531-49-000. Urban: VISTAS DE SALINAS URBANIZATION of Salinas. House: B 13. Area: 327.665 Square meters. Boundaries: To the North, with street three (3) in a distance of thirteen point zero (13.00) meters. South, with lot number B-eight at a distance of thirteen point zero (13.00) meters. East, with lot number B-fourteen at a distance of twenty-three point two zero five (23.205) meters. West, with lot number B twelve (B-12) at a distance of twenty-three point two zero

5

five (23.205) meters. On this lot a house of blocks and reinforced concrete has been built for a family.

(Statement of Proposed Uncontested Facts filed by Plaintiffs in their Motion for Summary Judgment ("Plaintiffs' SUF") at Adv. Dkt. # 29, ¶¶ 5-7, accepted by Defendant in its Opposition to Motion for Summary Judgment filed at Adv. Dkt. # 32, pp. 2-3, ¶¶ 1-2; Deed of Segregation and Sale No. 3, Claims Register # 19-1, pp. 7-23.)

On the same date, Plaintiffs executed a mortgage note in the sum of $95,000.00 in favor of Defendant. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 8, accepted by Defendant at Adv. Dkt. # 32, p. 2, ¶ 3.) Defendant is the current holder of said mortgage note in the sum of $95,000.00. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 9, accepted by Defendant at Adv. Dkt. # 32, p. 3, ¶ 4.)

The $95,000.00 Mortgage Note was to be guaranteed with Mortgage Deed Number 4, also executed on January 14, 2021, before Notary Public José J. Belen Rivera. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 10, accepted by Defendant at Adv. Dkt. # 32, p. 3, ¶ 5; Mortgage Deed No. 4, Claims Register # 19-1, pp. 25-59.)  Mortgage Deed Number 4 was initially presented before the Property Registry on January 19, 2021. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 11, accepted by Defendant at Adv. Dkt. # 32, p. 3, ¶ 6.)

Per the records of the Property Registry, the Property Registrar notified an error in the Mortgage Deed Number 4 on February 22, 2022, to the notary public who executed the deed, for a missing resolution regarding the segregation of the Property. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 11; Exhibit C- Negative Certification by title researched Luz V. Castro Colón dated July 24, 2022, Adv. Dkt. # 29, pp. 21-22.)  Per the notification, the notary public had until April 26, 2022, to correct the issues preventing recordation of the Segregation and Sale Deed Number 3 and Mortgage Deed number 4 in the Property Registry. (Id.) The corrected Mortgage Deed was not presented before the April 26, 2022 deadline.

On July 19, 2022, Plaintiffs presented in the Property Registry Homestead Deed Number 40 executed on July 18, 2022 before Notary Public Jorge Figueroa Ortiz designating the Property as their homestead under Puerto Rico Law 195 of September 13, 2011. (Exhibit B- Karibe Folio Certification, Adv. Dkt. # 29, pp.15-19.)  Homestead Deed Number 40 was recorded in the Property Registry on August 25, 2022. (Id.)

The Segregation and Sale Deed Number 3 and Mortgage Deed Number 4 presumably corrected, were presented again at the Property Registry Guayama Section I on August 1, 2022. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 12, accepted by Defendant at Adv. Dkt. # 32, p. 3-4, ¶ 7; Exhibit B- Karibe Folio Certification, Adv. Dkt. # 29, pp.15-19.) The Segregation and Sale Deed Number 3 and Mortgage Deed Number 4 were recorded in the Property Registry on August 25, 2022. (Exhibit B- Karibe Folio Certification, Adv. Dkt. # 29, pp.15-19.)

The presentation and recordation of Defendant's Mortgage Deed Number 4 occurred after the deadline given by the Registrar to correct the Mortgage Deed had expired and after Plaintiffs filed their voluntary petition for relief under chapter 13 on July 20, 2022. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 14, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 9.) It is uncontested that as of July 20, 2022, Mortgage Deed Number 4 was not presented nor recorded at the Puerto Rico Property Registry. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 15, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 10.)

Plaintiffs listed Defendant as a creditor in schedule E/F. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 17, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 11.)

Plaintiffs' credit report issued pre-petition states that Defendant's name and address is the following: "Coop Piedras; Address: Apartado 252 Las Piedras, PR 00771." (Exhibit A- Plaintiffs' credit report dated July 13, 2022, Adv. Dkt. # 37, pp. 19-33.)

On July 23, 2022, the bankruptcy noticing center filed a certificate of service in case number 22-02117-MAG (Bankr. Dkt. # 7) in which the court certifies that the notice of Chapter 13 Bankruptcy Case Official Form 3091 (Bankr. Dkt. # 4) was sent via first class mail to Defendant to the following address: Coop Piedras PO Box 252 Las Piedras PR 00771-0252 (receipt ID 5018513). (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 18, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 12.) The same certificate of service shows that there were no undeliverable addresses regarding all creditors and parties in interest. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 19, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 13.)

On November 21, 2022, Defendant received a copy of the complaint sent by Plaintiffs via U.S. Postal Service certified mail number 7021 1970 000 8223 6532 to the following address: PO Box 252 Las Piedras, PR 00771- 0252. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 20, accepted by Defendant at Adv. Dkt. # 32, p. 4-5, ¶ 14.) This was the same address the bankruptcy noticing center used to send the notice of the Chapter 13 Bankruptcy Case Official Form 3091 (Bankr. Dkt. # 4) on July 23, 2022 when the case was originally filed.

## V. PARTIES' POSITIONS

In the motion for summary judgment, Plaintiffs request that the court enter judgment declaring that Defendant's mortgage lien is null and void because it was presented post-petition and in violation of bankruptcy law. (Adv. Dkt. # 29.) Plaintiffs also request that Defendant's claim be classified as general unsecured and that the court order the Property Registrar to cancel the recordation of Defendant's mortgage lien. (Id.)

Defendant opposes summary judgment. (Adv. Dkt. # 32.) It alleges that there exists a dispute of material facts as to whether Plaintiffs owned the Property at the time of the bankruptcy filing because Segregation and Sale Deed Number 3 was not presented nor recorded pre-petition.

8

It also argues that Plaintiffs' claim for homestead exemption is invalid since Plaintiffs were aware of Defendant's mortgage lien at the time they presented Homestead Deed Number 40. Defendant also alleges that notice of the bankruptcy filing was improper and that the presentation and recordation of Mortgage Deed Number 4 should not be considered post-petition and in violation of the automatic stay because at the time of the presentation of the mortgage lien, Defendant was not aware that Plaintiffs had filed the bankruptcy petition. (Id.)

While Defendant admits that the mortgage lien was recorded post-petition, its opposition is grounded on Plaintiffs' alleged failure to give it proper notice of the bankruptcy petition to its correct mailing address. In support of its argument that it never received notice of Plaintiffs' bankruptcy filing, Defendant filed a "Sworn Statement Affidavit and Verified Statement" signed by one of its employees, Mr. Joewy Santiago, declaring that Defendant's mailing addresses are: Cooperativa A/C Las Piedras, P.O. Box 414, Las Piedras, Puerto Rico 00771-0414 and Cooperativa A/C Las Piedras, P.O. Box 100, Las Piedras, Puerto Rico 00771-0100 and that P.O. Box 252, Las Piedras, Puerto Rico 00771-0252, the address included in the creditor's mailing matrix by the Plaintiffs, is not Defendant's address. (Adv. Dkt. # 32, pp. 17-18.)

Plaintiffs replied to Defendant's opposition reiterating that the record shows that Defendant received notice of the bankruptcy filing at the P.O. Box 252, Las Piedras, Puerto Rico 00771-0252 address. (Adv. Dkt. # 37.) They argue that the fact that Defendant received notice of the complaint of caption at the PO Box 252 address, in and of itself, shows that Defendant also must have received notice of the bankruptcy filing which was sent to the same address. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶ 20, accepted by Defendant at Adv. Dkt. # 32, p. 4-5, ¶ 14.) Also, they point out that this is the same address listed in Plaintiffs' credit report as the address for Defendant. (Exhibit A- Plaintiffs' credit report dated July 13, 2022, Adv. Dkt. # 37, pp. 19-

9

33.) Moreover, the bankruptcy noticing center certified on several occasions that there were no

undeliverable addresses regarding the creditors mailing list. (Plaintiffs' SUF at Adv. Dkt. # 29, ¶

19, accepted by Defendant at Adv. Dkt. # 32, p. 4, ¶ 13.)

Defendant filed a limited sur-reply as to the notice issue stating that "[t]he complaint and

summons were delivered by a mailman to Defendant's office" and "[b]y information and believe,

the documents were received with the wrong postal address." (Adv. Dkt. # 49.) It restated that

the P.O. Box 252, Las Piedras, Puerto Rico 00771-0252 address is not an address in use or that

has ever been used by Defendant.

The court agrees with the Plaintiffs that the entry of summary judgment is appropriate as

to the validity of the lien. As discussed below, Defendant has failed to show there are issues of

material fact as to Defendant's presentation and recording of the mortgage lien post-petition.

Nevertheless, an issue of material fact exists as to whether Defendant had knowledge that

Plaintiffs had filed for bankruptcy at the time it presented the Mortgage Deed before the Property

Registry. Thus, the court cannot enter summary judgment as to the violation of the automatic

stay.

## IV. APPLICABLE LAW AND DISCUSSION

### (i) Whether Plaintiffs acquired legal ownership of the Property pre-petition

Article 700 of the Puerto Rico Civil Code of 2020 provides that real property rights in

Puerto Rico do not require their inscription in a public registry for their constitution, unless the

law requires otherwise. P.R. Law. Ann. tit. 31 § 7664. Although not codified in the Puerto Rico

Civil Code of 1930, this rule was also applicable prior to the 2020 Civil Code amendment. See,

Mendez Garcia v. Rushmore Loan Mgmt. Servs., 2018 U.S. Dist. LEXIS 168523, at *18 (D.P.R.

Sept. 28, 2018) ("[U]nder Puerto Rico law, the existence or validity of legal ownership over real

10

property does not depend on the owner's title being registered in the Property Registry of Puerto Rico."). <u>See</u> <u>also</u>, <u>In re Perez Hernández</u>, 487 B.R. 353, 366 (Bankr. D.P.R. 2013) ("As a general rule, Puerto Rico's Property Registry is only declarative in nature, meaning that citizens are not mandated to record their transactions to constitute their validity except in the limited situations required by law.").

Thus, Plaintiffs acquired legal ownership of the Property pre-petition upon the execution of Segregation and Sale Deed Number 3 before Notary Public José J. Belen Rivera on January 14, 2021, and the fact that the deed had not been presented before the Registry of Property at the time of the bankruptcy filing in no way invalidated said ownership. While Plaintiffs were not the titular registrants of the Property per the records of the Property Registry, they were the legal owners of the Property at the time of the filing of their bankruptcy petition.

**(ii)     Whether Plaintiffs are entitled to the Puerto Rico Homestead Exemption**

Under the provisions of Puerto Rico Law 195 of September 13, 2011 (the "Homestead Act"), a debtor is entitled to claim the homestead exemption if they comply with the requirements established by Section 9 of the Act: (1) affirmatively declare the property as homestead; (2) execute a Notarial Act or "Acta Notarial" or deed to declare such property as homestead; and (3) present the "Acta Notarial" for its recording at the Puerto Rico Property Registry before the filing of the bankruptcy petition. P.R. Laws Ann. tit. 31 §§385(a) 1851-1857. "[W]hen an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act." <u>In re Perez Hernández</u>, 487 B.R. at 368.

11

In the instant case, Plaintiffs acquired ownership of the Property upon the execution of Segregation and Sale Deed Number 3 on January 14, 2021, declared the Property their homestead per Homestead Deed Number 40 executed on July 18, 2022, before Notary Public Jorge Figueroa Ortiz, and presented Deed Number 40 before the Property Registry on July 19, 2022, that is, pre-petition. As such, Plaintiffs have shown pre-petition compliance with the Homestead Act and are entitled to claim the Property as their homestead.

**(iii)     Whether Defendant's Mortgage Lien was validly constituted**

The constitution of a mortgage lien in Puerto Rico is governed by the Puerto Rico Civil Code of 2020 and the Puerto Rico Property Registry Act of 2015. Both statutes provide that recordation in the Puerto Rico Property Registry is a legal requirement to validly constitute a mortgage lien.  See Article 1014 of the 2020 Puerto Rico Civil Code, P.R. Law. Ann. tit. 31 § 8734, and Article 4 of the Puerto Rico the Property Registry Act of 2015, P.R. Law. Ann. tit. 31 § 6011.  The recordation requirement for a mortgage lien to be valid also applied under the repealed Puerto Rico Civil Code of 1930 and the 1979 Puerto Rico Mortgage Law.

For a mortgage lien to be valid, the Puerto Rico Civil Code requires that such mortgage be "1) constituted to fulfill a principal obligation; 2) the property is owned by the person who mortgages it; 3) that the mortgagor has free disposition of the property; and 4) the deed must be presented and recorded in the property registry." Santana v. Banco Popular de P.R. (In re Santana), 2023 Bankr. LEXIS 3000, at*4-5 (Bankr. D.P.R. Dec. 21, 2023). "[O]ne of the distinctive features of a mortgage is that recordation has the characteristic of being constitutive." DLJ Mortg. Capital, Inc. v. García Ramos, 207 P.R. Dec. 28, 54 (2021);  2021 PR Sup. LEXIS 68, at *34. See also, Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118 (1st Cir.

12

2011) (holding that "recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt.")

Here, Mortgage Deed Number 4 was executed on January 14, 2021, and initially presented in the Property Registry on January 19, 2021. But, the deed was notified to the notary public by the Property Registrar on February 23, 2022 and said notification expired on April 26, 2022 upon the notary public's failure to correct the notified defect. It was not until August 1, 2022, that the mortgage deed, presumably corrected, was again presented in the Property Registry and ultimately recorded on August 25, 2022.  Because Plaintiffs filed their voluntary petition for relief under chapter 13 on July 20, 2022, Defendant's presentation and recordation of its mortgage lien is void as it was done in violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(4) which prohibits "any act to create, perfect, or enforce any lien against property of the estate."  Therefore, Defendant's mortgage lien was not validly constituted, and its claim is unsecured.

**(iv)    Whether Defendant violated the automatic stay**

The automatic stay under 11 U.S.C. § 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. Upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits the "continuation ... or other action or proceeding against the debtor that was or could have been commenced before the [bankruptcy petition] or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The "automatic stay prevents creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts." In re Slabicki, 466 B.R. 572, 577 (B.A.P. 1st Cir. 2012). As stated before, the automatic stay prohibits

13

"any act to create, perfect, or enforce any lien against property of the estate."  11 U.S.C. § 362(a)(4).

The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2024). It "is one of the basic protections under the Bankruptcy Code and becomes operative by the filing of the bankruptcy petition." In re Montalvo, 537 B.R. 128, 140 (Bankr. D.P.R. 2015) (quoting Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 971 (1st Cir. 1997)). It is extremely broad in scope and "provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a 'breathing room' from the pressures of their creditors." Id.

A debtor seeking damages for violation of the automatic stay "bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." In re Slabicki, 466 B.R. at 577–78 (quoting In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009)). The debtor has the burden to prove by a preponderance of the evidence the damages suffered due to the violation of the automatic stay. See, Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 404-405 (B.A.P. 1st Cir. 2004). "The standard for a willful violation of the automatic stay. . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). "The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay." Id. at 269.

As to actual notice, Plaintiffs argues that the fact that Defendant received notice of the complaint of caption at the P.O. Box 252 address, in and of itself, shows that Defendant also received notice of the bankruptcy filing as it was sent to the same address. They also point out that this is the same address listed in Plaintiffs' credit report as the address for Defendant and the bankruptcy noticing center certified on several occasions that there were no undeliverable addresses regarding the creditors mailing list. However, Defendant insists that it never had actual notice of Plaintiff's bankruptcy filing at the time it presented Mortgage Deed Number 4 in the Property Registry. In support of its contention, Defendant filed an unsworn statement stating that the P.O. Box 252, Las Piedras, Puerto Rico 00771-0252 address is not an address in use or that has ever been used by Defendant. While Plaintiffs present compelling arguments regarding how the P.O. Box 252 address seems to be a valid address used by Defendant, the court would have to draw that inference in favor of Plaintiffs, which is the non-moving party in this summary judgment. And that, the court cannot and will not do. <u>Podiatrist Ass'n</u>, 332 F.3d at 13.

As such, an issue of material fact exists as to whether Defendant was properly notified of Plaintiffs' bankruptcy filing and having knowledge of the same, still attempted to record its mortgage lien post-petition in the Property Registry. Thus, a pretrial hearing will be scheduled on the alleged violation of automatic stay by Defendant.

15

## VI.  CONCLUSION

For the above reasons, the court partially grants the motion for summary judgment filed by Plaintiffs (Adv. Dkt. # 29) and declares that Defendant's mortgage lien is void pursuant to 11 U.S.C. § 362(a)(4) and its claim is to be classified as general unsecured. In accordance with this opinion and order, Plaintiffs are ordered to submit within fourteen (14) days a proposed draft of order and writ for the Property Registrar to cancel the recordation of Defendant's mortgage lien in the Puerto Rico Property Registry.

Plaintiffs' motion for summary judgment is partially denied as to Defendant's alleged violation of automatic stay. The court will schedule a pretrial hearing on the alleged violation of the automatic stay and the damages, if any, resulting from the same.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of June 2024.

María de los Ángeles González
United States Bankruptcy Judge

16